*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2324**

State of Minnesota,
Respondent,

vs.

Rebecca Lee Nystrom,
Appellant.

**Filed August 18, 2014
Affirmed
Chutich, Judge**

Sherburne County District Court
File No. 71-CR-08-1911

Lori Swanson, Attorney General, Matthew Frank, Assistant Attorney General, St. Paul, Minnesota; and

Kathleen A. Heaney, Sherburne County Attorney, Jennifer Pim, Assistant County Attorney, Elk River, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Charles F. Clippert, Special Assistant State Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Chutich, Presiding Judge; Johnson, Judge; and Reilly, Judge.

UNPUBLISHED OPINION

**CHUTICH**, Judge

Appellant Rebecca Lee Nystrom challenges the district court's decision to revoke her probation, contending that she would be more effectively treated in residential treatment and that the record does not support the finding that she presented a threat to the public. Because the district court acted properly within its broad discretion, we affirm.

**FACTS**

In January 2009, Nystrom pleaded guilty to fifth-degree possession of a controlled substance. *See* Minn. Stat. § 152.025, subds. 2(2)(i), 3(a) (2008). The district court stayed adjudication for five years with conditions including abstaining from nonprescription mood-altering substances, submitting to random testing, maintaining sober housing, and remaining law abiding.

In February 2010, Nystrom admitted that she violated probation twice by testing positive for controlled substances. The district court adjudicated Nystrom's conviction, but stayed imposition of the sentence for five years, with conditions including completing inpatient chemical-dependency treatment and abstaining from nonprescription mood-altering substances.

In January 2012, Nystrom was convicted of disorderly conduct. In September 2012, Nystrom admitted that she violated probation by failing to abstain from the use of nonprescription mood-altering substances, primarily heroin, stemming from nine positive tests for controlled substances. The district court imposed a sentence of one year and one

day in prison, but stayed execution of that sentence for five years. The district court warned Nystrom that if she "come[s] back on another significant violation, such as failing to abstain from nonprescription mood-altering chemicals," her sentence would be executed.

In September 2013, Nystrom admitted violating probation for the third time by using or possessing heroin and by failing to submit to testing twice. Nystrom used heroin in March 2013 and "quite a few times" in May and June 2013. Her defense attorney reported that Nystrom was in residential outpatient treatment and that this treatment is "much more individualized," helping her understand her triggers, anxiety, and bipolar disorder. Nystrom was "hopeful that this is something that will really help her in the future." She asked the district court to consider a continued disposition "to see how she does in this program."

The district court revoked her probation and executed her sentence of one year and one day, with credit for time served. This appeal followed.

## D E C I S I O N

District courts have broad discretion to decide if sufficient evidence exists to revoke probation and will not be reversed absent a clear abuse of that discretion. *State v. Austin*, 295 N.W.2d 246, 249–50 (Minn. 1980). We review de novo whether a district court made proper findings before revoking probation. *State v. Modtland*, 695 N.W.2d 602, 605 (Minn. 2005). Before revoking probation, the district court must: "1) designate the specific condition or conditions that were violated; 2) find that the violation was intentional or inexcusable; and 3) find that need for confinement outweighs the policies

3

favoring probation." *Austin*, 295 N.W.2d at 250; *see Modtland*, 695 N.W.2d at 606 (reaffirming *Austin*'s holding).

Nystrom challenges the third prong of the *Austin* test, admitting that the first two are satisfied. She contends that "it was improper to send [her] to prison when she would not be more effectively treated while incarcerated, especially since she was enrolled in a residential treatment program." Nystrom also believes that the record does not support the district court's finding that her sentence should be executed to protect the public.

Under the third *Austin* prong, district courts "must balance the probationer's interest in freedom and the state's interest in insuring his rehabilitation and the public safety." *Modtland*, 695 N.W.2d at 606–07 (quotation omitted). District courts should consider whether

> (i) confinement is necessary to protect the public from further criminal activity by the offender; or (ii) the offender is in need of correctional treatment which can most effectively be provided if he is confined; or (iii) it would unduly depreciate the seriousness of the violation if probation were not revoked.

*Austin*, 295 N.W.2d at 251 (quotation omitted). The court's determination to revoke "cannot be a reflexive reaction to an accumulation of technical violations but requires a showing that the offender's behavior demonstrates that he or she cannot be counted on to avoid antisocial activity." *Id.* (quotations omitted).

The record supports the district court's decision to revoke Nystrom's probation. The district court found that Nystrom was not amenable to probation, that less restrictive alternatives would not be successful "as they have all pretty much been tried and have all pretty much failed," and that Nystrom needs "some forced sobriety" for her own safety

4

and the safety of the public. While the only evidence related to a potential public safety concern is Nystrom's disorderly conduct conviction, the district court's other reasons for revoking her probation are fully supported by the record. The record shows that Nystrom had numerous attempts at maintaining her sobriety, but continued to use controlled substances and failed at least 11 drug tests over four and a half years. She went to treatment at least four times before her most recent probation violations for heroin use and missed drug tests. The district court gave Nystrom multiple chances to show that she could succeed on probation, including warning her of the likelihood of revocation if she violated again. "The purpose of probation is rehabilitation and revocation should be used only as a last resort when treatment has failed." *Id.* at 250. Nystrom has, unfortunately, been unsuccessful in treatment thus far.

Despite Nystrom being enrolled in treatment again, it was within the district court's discretion to determine that less restrictive alternatives to prison would not be successful and that she was not amenable to probation. *See id.* at 251 ("The appellant has been offered treatment but has failed to take advantage of the opportunity or to show a commitment to rehabilitation so it was not unreasonable to conclude that treatment had failed."). Because the record supports the district court's conclusion that Nystrom is not amenable to probation or treatment in the community, the district court acted properly within its broad discretion by revoking her probation and executing her sentence.

**Affirmed.**